UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62038-CIV-SMITH

PATRICIA RUBIO, *et al.*,

    Plaintiffs,

vs.

BENGAL PROPERTIES INC.,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL AND DIRECTED VERDICT

This matter is before the Court on Plaintiffs' Motion for New Trial and Directed Verdict [DE 176] ("Motion"), Defendant's Response [DE 181], and Plaintiffs' Reply [DE 185]. For the reasons that follow Plaintiffs' Motion is denied.

**I.  Background**

Plaintiffs lived in a unit at the Park Apartments owned by Defendant, Bengal Properties, Inc. ("Bengal"). Plaintiffs concede that they terminated their lease early and owe certain sums to Bengal due to their early termination. Nevertheless, Plaintiffs claim that Bengal assessed against and attempted to collect from them illegitimate fees, which constitutes a violation of the Florida Consumer Collection Practices Act ("FCCPA"). Plaintiffs also claim that Southern, a third-party hired to collect the debt owed to Bengal, violated the FCCPA and the Fair Debt Collection Practices Act ("FDCPA") when Southern attempted to collect the same illegitimate fees from Plaintiffs and caused an improper debt to be listed on various credit reports. Both Bengal and Southern assert that the debt they seek to collect is legitimate and that they do not have the requisite actual knowledge to violate the FCCPA or FDCPA.

Prior to trial, Plaintiffs moved to amend their Second Amended Complaint to add as a defendant Park Pointe, a company Bengal hired to manage Park Apartments, claiming that Park Pointe was disclosed later in the proceedings by Bengal. The Court denied Plaintiffs' motion on grounds that Plaintiffs had not acted diligently because they had delayed commencing discovery in the action. Plaintiffs did not dispute that information regarding Park Pointe's existence was available to them pre-suit. Plaintiffs attached the lease to the original, first amended, and second amended complaints, and the lease disclosed that Park Pointe was Bengal's agent. Plaintiffs also did not dispute that they had communicated with Park Pointe employees during the period when they resided at the Park Apartments.

On the eve of trial, Plaintiffs settled their claims against Southern. On February 22, 2022, following jury trial, after the close of the Plaintiffs' case-in-chief, Bengal moved for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure Rule 50(a). The Court granted Defendant's Rule 50(a) motion. Plaintiffs made no similar Rule 50(a) motion at trial. Plaintiffs now move the Court for an order granting Plaintiffs' judgment as a matter of law pursuant to Federal Rules of Civil Procedure Rule 50(b) or, in the alternative, for a new trial pursuant to Federal Rules of Civil Procedure Rule 59(a)(1)(A).

## II.   Discussion

Federal Rule of Civil Procedure 50(b) allows a party to renew a motion for judgment as a matter of law made pursuant to Rule 50(a) following entry of a jury verdict. Rule 50(b) provides, in pertinent part, as follows:

> **(b) Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. . . . In ruling on the renewed motion, the court may:
> (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

When considering a Rule 50(b) motion, the court must consider the evidence presented at trial, drawing all reasonable inferences in favor of the non-moving party. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192–93 (11th Cir. 2004). A defendant's motion for judgment as a matter of law should be granted if the plaintiff failed to present a legally sufficient evidentiary basis for a reasonable jury to find for it on a material element of its cause of action. *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2005). The motion should be denied if the plaintiff presents enough evidence to create a substantial conflict in the evidence on an essential element of its case. *Id.*

Under Federal Rule of Civil Procedure 59(a)(1)(A), a court may grant a new trial "on all or some of the issues ... for any reason for which a new trial has heretofore been granted in an action at law in federal court." When ruling on a motion for a new trial, a trial judge must determine "if in his [or her] opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice." *Ins. Co. of N.A. v. Valente*, 933 F.2d 921, 923 (11th Cir. 1991) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). "[T]o assure that the judge does not simply substitute his [or her] judgment for that of the jury, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Ins. Co. of N. Am.*, 933 F.2d at 923 (citing *Hewitt*, 732 F.2d at 1556). "[A] new trial is warranted only where the error has caused substantial prejudice to the affected party (or, stated somewhat differently, affected the party's 'substantial rights' or resulted in 'substantial injustice')." *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004).

"To determine if a party's substantial rights were affected, [the court] analyze[s] factors including 'the number of errors, the closeness of the factual disputes, the prejudicial effect of the evidence, the instructions given, and whether counsel intentionally elicited the evidence and

focused on it during trial.'" *SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 790 (11th Cir. 2005) (quoting *Ad–Vantage Tel. Directory Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1465 (11th Cir. 1994)) (holding that a party's substantial rights were not affected as long as "the judgment was not substantially swayed by the error."). A motion for new trial is left to the discretion of the trial court. *Lambert v. Fulton Cnty.*, 253 F.3d 588, 595 (11th Cir. 2001); *Hercaire Int'l, Inc. v. Argentina*, 821 F.2d 559, 562 (11th Cir. 1987).

Plaintiffs' motion for judgment as a matter of law or, in the alternative, for a new trial relies on four arguments. First, Plaintiffs claim that the Court erred in not considering Bengal's vicarious liability for nonparty Parke Pointe's purported violation of the FCCPA. Second, Plaintiffs argue that the Court erred by finding that the jury did not have a legally sufficient evidentiary basis on which to find that Bengal had actual knowledge of that the debt is not legitimate or that the right it sought to enforce does not exist. Third, Plaintiffs argue that the Court erred by improperly precluding material evidence at trial. Finally, Plaintiffs claim that the Court erred by precluding evidence of Southern's purported misconduct, which would have been introduced through the deposition testimony of Southern's corporate representative.

As a threshold issue, Plaintiffs may not succeed on a motion after trial for directed verdict or judgment as a matter of law when it made no prior motion at trial. In *Middlebrooks v. Hillcrest Foods, Inc.*, the Eleventh Circuit held that a motion for judgment as a matter of law must specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment. 256 F.3d 1241, 1245 (11th Cir. 2001) (emphasis added). This motion can be renewed after trial under Rule 50(b), but **a party cannot assert grounds in the renewed motion that it [does] not raise in the earlier motion**. *Id.* (emphasis added). At trial, Plaintiffs did not move for judgment as a matter of law on any ground or any issue. Thus, Plaintiffs' Motion for Directed Verdict must be denied.

4

Notwithstanding the foregoing, Plaintiffs' arguments have been made and rejected by the Court in its previous orders and rulings. The Court's preclusion of Park Pointe as a party was the subject of written motion. [DE 269]. The Court heard witness testimony, reviewed the exhibits introduced by the parties, considered other evidence in the record, and heard argument from counsel on these issues. For the reasons stated in its previous orders and in open court, the Court finds that Plaintiffs failed to present any evidence, let alone sufficient evidence for a jury to have considered the question of Bengal's actual knowledge—a required element to make out its claim for violation of the FCCPA. Plaintiffs' arguments that permitting Plaintiff to explore a theory of vicarious liability of Bengal for the actions of Park Pointe or Southern at trial could have presented circumstantial evidence to prove Bengal's actual knowledge is unavailing. At trial, Plaintiffs did not attempt to introduce deposition testimony of Southern's[1] or Park Pointe's representatives. Neither did Plaintiffs seek to preserve objections at trial on the issue. Accordingly, Plaintiffs have not shown that their substantial rights were affected so as to warrant a new trial. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Directed Verdict and New Trial [DE 176] is **DENIED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 31st day of March 2023.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record

---

[1] Given that Plaintiffs' claims against Southern had been settled and were the subject of a confidentiality agreement at the time of the trial, it is doubtful that Plaintiffs could have introduced testimony of Southern's corporate representative as represented in the Motion.