UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62038-SMITH/VALLE

PAUL MACNEIL and
PATRICIA RUBIO,

      Plaintiffs,

v.

BENGAL PROPERTIES, INC.,
d/b/a THE PARK APARTMENTS,

      Defendant.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendant's: (i) Renewed Verified Motion for Attorneys' Fees Incurred at Trial (ECF No. 220); (ii) Renewed Application for Attorneys' Fees Incurred in Connection with First Appeal (ECF No. 222); (iii) Application for Attorneys' Fees Incurred in Second Appeal (ECF Nos. 229, 230); and (iv) Renewed Motion for Bill of Costs Incurred at Trial (ECF No. 221) (together, the "Motions").  United States District Judge Rodney Smith has referred the Motions to the undersigned for a Report and Recommendation ("R&R").  (ECF No. 231)

Having reviewed the Motions, Plaintiffs' Responses (ECF Nos. 223, 224, 225), Defendant's Replies (ECF Nos. 226, 227, 228), and being otherwise fully advised in the matter, the undersigned recommends that Defendant's: (i) Renewed Verified Motion for Attorneys' Fees Incurred at Trial be **DENIED**; (ii) Renewed Application for Attorneys' Fees Incurred in Connection with First Appeal be **DENIED**; (iii) Application for Attorneys' Fees Incurred in

Second Appeal be **DENIED**; and (iv) Renewed Motion for Bill of Costs Incurred at Trial be **GRANTED** for the reasons forth below.

## I.   BACKGROUND

### A.  Trial and Appellate Proceedings

This litigation is summarized in the Eleventh Circuit's Order affirming the District Court's Final Judgment, which is incorporated by reference. *See* (ECF No. 219); *see also* (ECF No. 201) (Eleventh Circuit's initial order dismissing appeal for lack of jurisdiction).  In relevant part, Patricia Rubio and Paul McNeil ("Plaintiffs") filed the instant action against Bengal Properties d/b/a The Park Apartments ("Defendant") alleging a violation of Florida's Consumer Collection Practices Act (Fla. Stat. § 559.72) (the "FCCPA").  *See generally* (ECF No. 17).  Plaintiffs are former tenants of an apartment complex who entered into a year-long lease with Defendant. (ECF Nos. 201 at 5, 219 at 6).  A few months later, however, Plaintiff Rubio accepted a job promotion in another city, so the couple vacated the apartment early, and stopped paying rent. (ECF No. 219 at 6).  Defendant retook possession of the apartment soon after and issued notices to Plaintiffs charging them more than $6,000 in fees and damages.  *Id.* at 3.

Plaintiffs' Second Amended Complaint alleges a violation of the FCCPA against Defendant for attempting to collect a "consumer debt" from Plaintiffs, knowing it had no legal right to collect such debt because the charges were allegedly prohibited under Florida's Landlord Tenant Act (Fl. Stat. § 83.595(1)-(4)) ("LL/T") (Count 1).[1]  (ECF No. 17 ¶¶ 38-49).

---

[1]  Plaintiff McNeil settled his claims (Count 2-4) against a second Defendant, Southern Management Systems, Inc. ("Southern"), under the FCCPA and the federal Fair Debt Collection Practices Act ("FDCPA").  *See* (ECF Nos. 134, 137, 200).  Thus, Plaintiffs seek fees and costs solely against Defendant Bengal on the FCCPA claim alleged in Count 1.

After months of litigation and motion practice, in February 2022, the case proceeded to a one-day jury trial. *See* (ECF No. 163) (trial minutes); (ECF No. 184) (transcript of trial proceedings). Following the close of Plaintiffs' case-in-chief, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. (ECF Nos. 163, 184 at 165-67). After hearing argument, the District Judge granted Defendant's oral motion for judgment as a matter of law, concluding that Plaintiffs had failed to present sufficient evidence for the jury to find Defendant had actual knowledge that: (i) the debt was illegitimate; or (ii) Defendant was asserting a non-existent legal right to the debt. *See* (ECF Nos. 163, 167, 168, 184 at 173-74). Accordingly, the District Court did not submit the case to the jury and instead entered judgment for Defendant on the FCCPA claim, which judgment has since been amended. (ECF Nos. 168, 189).

Plaintiffs appealed the District Court's Amended Order granting Defendant's Motion for judgment as a matter of law. (ECF. No. 195). The Eleventh Circuit, however, initially denied Plaintiff's appeal for lack of jurisdiction because the settlement with the second Defendant (Southern) was not final as it was not signed by all parties who had appeared in the case. *See generally* (ECF No. 201). The parties subsequently cured the procedural deficiency. Upon the District Court's dismissal of Southern as a party to the case (ECF No. 200), Plaintiffs filed a second appeal on the Final Judgment in favor of Defendant. (ECF No. 202). On the second appeal, the Eleventh Circuit affirmed the District Court's decision on all grounds. *See generally* (ECF No. 219). The instant Motions followed.[2]

---

[2] Pending the first and second appeal, the undersigned denied Defendant's initial motions for fees and costs, which the District Court deemed timely filed after Final Judgment. *See* (ECF Nos. 196, 210, 213).

**B.  Motions for Fees and Costs Incurred at Trial and on Appeal**

Defendant has filed four Motions seeking fees, interest, and costs incurred at trial before the District Court and for the two appeals to the Eleventh Circuit.  *See generally* (ECF Nos. 220, 221, 222, 229).

In its initial Motion for Attorneys' Fees incurred at trial, Defendant argues that it is entitled to fees based on three different theories of recovery.  (ECF No. 220 at 4).  First, Defendant seeks to recover $209,417.50 in attorneys' fees for defending against Plaintiffs' claim under the FCCPA (Fla. Stat. § 559.77(2)).  *Id.* at 5-6, 13-14, 17.  Alternatively, Defendant seeks to recover $176,117.50 pursuant to Florida's offer of judgment statute (Fla. Stat. § 768.79) and corresponding Florida Rule1.442.  *Id.* at 6-10, 16-17.  Third, Defendant seeks attorney's fees pursuant to the Court's inherent power to sanction Plaintiff for purportedly "abusing the judicial process."  *Id.* at 10-11.  Defendant also requests statutory post-judgment interest on any fee award accruing as of March 2, 2022, the date of the entry of Final Judgment.  *Id.* at 17; *see also* (ECF No. 168).

In its second and third Applications for Attorneys' Fees incurred in connection with the two appeals to the Eleventh Circuit, Defendant seeks: (i) $36,057.50 in appellate attorney's fees for the first appeal; and (ii) $5,450 in attorney's fees for the second appeal.  *See* (ECF Nos. 222 at 1, 8, 229 at 1, 14).  Defendant raises the same three arguments for entitlement to appellate fees as in its initial Motion for fees incurred at trial—i.e., the FCCPA, Florida's offer of judgment statute (§ 768.79), and the Court's inherent power.  *Compare* (ECF No. 220), *with* (ECF Nos. 222, 229).  Accordingly, the undersigned considers all three motions for fees jointly.

Lastly, in its fourth Motion, Defendant seeks $4,569.70 in costs incurred before the District Court.  *See* (ECF Nos. 221 at 1, 221-1 at 8).  Although Plaintiffs do not challenge Defendant's entitlement to costs, *see* (ECF No. 234), Plaintiffs oppose Defendant's request for attorneys' fees

incurred at trial and on appeal.  *See generally* (ECF Nos. 223, 224, 225).  The Motions are discussed below.[3]

## II.      MOTIONS FOR ATTORNEYS' FEES AND COSTS

### A.   Entitlement to Attorneys' Fees Generally

Under the "American Rule," litigants are not entitled to an award of attorneys' fees for prevailing in litigation "unless a statute or contract provides otherwise."  *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez,* 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract).  Here, Defendant prevailed on a Motion for Judgment as a Matter of Law.  (ECF Nos. 163, 167).  Accordingly, Defendant argues that it is entitled to attorney's fees pursuant to the FCCPA, Florida's offer of judgment statute (§ 768.79), and the Court's inherent power.  *See generally* (ECF Nos. 220, 222, 229).  The undersigned, therefore, considers Defendant's various arguments regarding its entitlement to attorney's fees.

### B.   Fees Under the FCCPA are Inappropriate in this Case

Initially, Defendant argues that it is entitled to attorney's fees pursuant to the FCCPA (Fla. Stat. § 559.77(2)).  *See generally* (ECF Nos. 220, 222, 229).  The FCCPA is a consumer protection law, which "seeks in part to protect Florida consumers from the illegal and unscrupulous practices of debt collectors and other persons."  *Burgos v. SunTrust Bank, N.A.*, No. 13-CV-21197, 2020 WL 2299937, at *4 (S.D. Fla. Mar. 31, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 2299936 (S.D. Fla. May 7, 2020).

Pursuant to the FCCPA, a defendant may recover its reasonable attorney's fees if the plaintiff's suit "fails to raise a justiciable issue of law or fact."  *Id.*; *Macaisa v. Dev. Consultants,*

---

[3] The undersigned declines Plaintiffs' request for hearing, *see* (ECF Nos. 223 at 20, 224 at 18, 225 at 17) and determines the Motions on the record before the Court.

*Inc.*, No. 24-CV-20598, 2025 WL 2427659, at *6 (S.D. Fla. July 28, 2025); *Rivera v. Portfolio Recovery Assocs., LLC*, No. 23-CV-61138, 2025 WL 1639488, at *4 (S.D. Fla. Mar. 19, 2025) (citation omitted), *report and recommendation adopted*, 2025 WL 1363280 (S.D. Fla. May 12, 2025); *Victor v. Petrousky*, No. 19-CV-788-Orl-40LRH, 2020 WL 7401604, at *4 (M.D. Fla. May 27, 2020).  There is, however, little guidance on what constitutes a failure "to raise a justiciable issue of law or fact" in the context of a claim for fees by a prevailing defendant in an FCCPA case. *Burgos*, 2020 WL 2299937, at *4; *Victor*, 2020 WL 7401604, at *4.  Nevertheless, this Court and other Florida courts have held that for an action to be meritless so as not to have a justiciable issue, the claims must be "frivolous." *Rivera,* 2025 WL 1639488, at *4; *Macaisa*, 2025 WL 2427659, at *6; *Burgos*, 2020 WL 2299937, at *4; *Valenzuela v. Medicredit, Inc.*, No. 20-CV-124-RBD-GJK, 2021 WL 2403938, at *3 (M.D. Fla. Mar. 29, 2021), *report and recommendation adopted*, 2021 WL 1733308 (M.D. Fla. May 3, 2021); *Victor*, 2020 WL 7401604, at *4; *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1302 (S.D. Fla. 2008) (citing *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1508 (11th Cir. 1985)).

An action is frivolous when it is: (i) completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law; (ii) contradicted by overwhelming evidence; (iii) undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (iv) asserting material factual statements that are false. *Valenzuela*, 2021 WL 2403938, at *3 (citation omitted).  Whether a case is frivolous must "be assessed at the outset of the lawsuit," and "if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing party to attorney's fees." *Burgos*, 2020 WL 2299937, at *5 (citing *Abby v. Paige*, No. 10-CV-23589, 2013 WL 12246348, at *4 (S.D. Fla.

Aug. 2, 2013), *report and recommendation adopted*, 2013 WL 12246349 (S.D. Fla. Oct. 1, 2013) and *JES Props., Inc. v. USA Equestrian, Inc.,* 432 F. Supp. 2d 1283, 1290 (M.D. Fla. 2006)) (quotations and citation omitted).

Relatedly, to state a claim under the FCCPA, plaintiff must allege that defendant: (i) is a person within the meaning of the statute; (ii) collected or attempted to collect a debt from plaintiff; and (iii) committed an act or omission prohibited by the FCCPA when it collected or attempted to collect the debt. *See Kuehn v. Cambridge Vill. Ass'n, Inc.*, No. 21-CV-109-VMC-AAS, 2021 WL 3375337, at *2 (M.D. Fla. July 16, 2021) (citation omitted), *report and recommendation adopted*, 2021 WL 3371485 (M.D. Fla. Aug. 3, 2021).  Here, the Second Amended Complaint (ECF No. 17) adequately alleged the elements of an FCCPA claim although Plaintiffs were subsequently unsuccessful on a motion for judgment as a matter of law.  *See, e.g.*, *Valenzuela*, 2021 WL 2403938, at *4 (noting that court's grant of summary judgment was insufficient to find claim was frivolous).  The Second Amended Complaint alleged that: (i) Defendant was a "person" as defined under the FCCPA because Defendant attempted to collect an illegal consumer debt from Plaintiffs; (ii) Defendant attempted to collect a "consumer debt" from Plaintiffs as defined under the FCCPA as Plaintiffs were allegedly obligated to pay a debt related to their former residence; and (iii) Defendant committed an act prohibited by the FCCPA when it attempted to collect a debt that is prohibited by Florida's LL/T, which Plaintiffs supported with exhibits of their lease and allegedly fraudulent charges.  *See generally* (ECF No. 17).  Accordingly, at the outset of the litigation, Plaintiffs' claim was not completely without merit in law or contradicted by overwhelming evidence.  *Cf. Victor*, 2020 WL 7401604, at *6 (finding that amended complaint was objectively frivolous and, therefore, failed to raise a justiciable issue of law or fact); *Conner*, 597 F. Supp. 3d at 1302 (finding that case failed to present a justiciable issue of law or fact as

shown by, among other things, failure to file substantive responses to motion for summary judgment).  Relatedly, Defendant does not assert that Plaintiffs initiated the lawsuit to harass Defendant or that Plaintiffs alleged false material factual statements.  Therefore, Plaintiffs' FCCPA claim was not frivolous at the commencement of the litigation.

Moreover, although the District Court granted Defendant's motion for judgment as a matter of law, the record before the Court is insufficient to find that Plaintiffs' FCCPA claim was frivolous.  *See, e.g.*, *Macaisa*, 2025 WL 2427659, at *6 (declining to find that FCCPA claim was frivolous although court had dismissed claim with prejudice); *Valenzuela*, 2021 WL 2403938, at *8 (concluding that summary judgment in favor of defendant was insufficient to show that FCCPA claim was frivolous).  Consequently, Defendant's request for attorneys' fees as prevailing defendant under the FCCPA should be denied.

## C.    Fees Under Florida's Offer of Judgment Statute (§ 768.79) Are Unwarranted

As an alternative basis for entitlement to fees, Defendant argues that it is entitled to attorney's fees under Florida's offer of judgment statute (Fla. Stat. § 768.79) and Rule 1.442 (setting forth requisite procedure), which apply in supplemental jurisdiction cases where substantive law of Florida governs.  *See* (ECF No. 220 at 6-10); *see also Guerra v. Se. Freight Lines, Inc.*, No. 13-CV-22070, 2014 WL 6751589, at *1 (S.D. Fla. Aug. 8, 2014) (noting that Florida's offer of judgment statute and its implementing rule apply in diversity cases where Florida substantive law governs) (citing *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008)).

Section 768.79 provides that in "any civil action for damages," a defendant who files an offer of judgment that is not accepted by the plaintiff within 30 days and who recovers a judgment of no liability or if the judgment obtained by the plaintiff is 25% less than the defendant's offer, "shall be entitled to recover reasonable costs and attorney's fees incurred . . . from the date of the

filing of the offer [of judgment]." Fla. Stat. § 768.79(1).  The statute requires that the offer of judgment: (i) be in writing; (ii) state that it is made pursuant to § 768.79; (iii) name the offeror and offeree; (iv) state the total amount of the offer; and (v) state with particularity the amount offered to settle a claim for punitive damages.[4]  Fla. Stat. § 768.79(2).  Moreover, if an offer satisfies the requirements of § 768.79, a court can disallow an award of fees only if the offer was not made in good faith.  Fla. Stat. § 768.79(8)(a).  Finally, it is the offeree's burden to prove that the offer was not made in good faith.  *Guerra*, 2014 WL 6751589, at *1.

Here, Plaintiffs challenge Defendant's request for attorney's fees pursuant to Florida's offer of judgment statute (§ 768.79) on two grounds.  First, relying primarily on *Clayton v. Bryan*, 753 So. 2d 632 (Fla. 5th DCA 2000) and its progeny, Plaintiffs argue that Florida courts have overwhelmingly concluded that § 768.79 does not apply to claims under the FCCPA. *See* (ECF No. 223 at 5-9).  Second, Plaintiffs argue that § 768.79 conflicts with the FCCPA and, in the case of a conflict, § 768.79's terms give way to the FCCPA.  *Id.* at 9-10.  In response, Defendant argues that *Clayton* and its progeny are inapplicable because *Clayton* involved claims under both the Federal Debt Collection Practices Act ("FDCPA") and the FCCPA, whereas here, Plaintiffs asserted solely an FCCPA claim.  *See* (ECF Nos. 220 at 8-9, 226 at 4-5).  In distinguishing the *Clayton* line of cases, Defendant relies, among other things, on this Court's prior ruling in *Herrera v. Bank of America, N.A.*, No. 15-CV-62156, 2017 WL 8812724 (S.D. Fla. Dec.

---

[4] Florida Rule of Civil Procedure 1.442 mirrors § 768.79 but adds certain procedural requirements. Like § 768.79, Rule 1.442 requires that a proposal for settlement: (i) include the name of the offeror and offeree; (ii) identify the claim or claims to be resolved; (iii) state with particularity any relevant conditions; (iv) state the total amount of the offer and any nonmonetary terms; (v) state with particularity any amount offered to settle a claim for punitive damages; (vi) state whether the proposal includes attorney's fees; and (vii) include a certificate of service in the form required by Florida Rule of Civil Procedure 1.080.  *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 363, 376 (Fla. 2013); *Guerra*, 2014 WL 6751589, at * 2.  Additionally, an offer of judgment must not be vague or ambiguous.  *Guerra*, 2014 WL 6751589, at * 2.

20, 2017), *report and recommendation adopted*, 2018 WL 1859302 (S.D. Fla. Jan. 4, 2018) and *Rivera v. West Florida - PPH, LLC*, No. 2020-CC-000644CCAXES, 2020 WL 4380955, at *1 (Fla. Cir. Ct. June 24, 2020).  (ECF Nos. 220 at 9, 226 at 5); *see also Mixon v. Zoll Servs., LLC*, No. 23-CV-354, 2025 WL 711010 (Fla. Co. Ct. Jan. 15, 2025) (finding *Clayton* inapplicable where complaint alleged solely FCCPA violation).  For the reasons discussed below, however, the undersigned finds *Herrera* inapposite and *Rivera* contrary to the overwhelming weight of Florida case law.

     *1. Neither Herrera Nor Rivera Appy to Instant Case*

     The undersigned's prior recommendation in *Herrera* is, at best, factually and legally distinguishable.  Plaintiff in *Herrera* defaulted on a mortgage loan and Bank of America ("BOA") initiated foreclosure proceedings and collection efforts against plaintiff.  *Herrera v. Bank of Am., N.A.*, No. 15-CV-62156, 2015 WL 13945899, at *1 (S.D. Fla. Dec. 29, 2015) (the District Court's initial order granting in part defendant's motion to dismiss certain claims).  In response, plaintiff in *Herrera* filed suit against BOA, alleging a violation of the FDCPA and FCCPA, among other claims.  *Id.*  Ultimately, the District Court in *Herrera* granted BOA's motion to dismiss the FDCPA claims and subsequently entered final judgment in favor of BOA on the remaining FCCPA claims.  *Herrera*, 2017 WL 8812724, at *1.  Relevant to the instant Motions, approximately four months before the Court granted summary judgment in favor of BOA, BOA had served an offer of judgment on plaintiff, which plaintiff did not accept within the deadline.  *Id.* at *2.  Upon subsequently prevailing on summary judgment, BOA sought to recover its attorney's fees and costs against plaintiff pursuant to § 768.79 and Rule 1.442.  *Id.*  In opposing BOA's request for fees and costs, plaintiff Herrera argued that BOA's offer of judgment failed to satisfy the statutory requirements.  *Id.* at *3.  Upon review of the briefs and the facts of that case, the undersigned found

that BOA's offer of judgment complied with the statutory requirements and recommended that the District Court grant BOA its fees and costs pursuant to § 768.79. *Herrera*, 2017 WL 8812724, at *6.

To be clear, however, the dispute in *Herrera* focused on whether BOA's offer of judgment was specific enough to satisfy the statutory and procedural requirements of Rule 1.442 implementing § 768.79. *Id.* at *2-3. Notably, neither party questioned whether § 768.79 applied to an FCCPA claim. As it was not raised by the parties or discussed in the cases relevant to the dispute in *Herrera*, the undersigned failed to recognize or address whether the FCCPA precludes an award of attorney's fees pursuant to § 768.79. Accordingly, *Herrera* cannot support Defendant's argument that § 768.79 applies to an FCCPA claim where neither the parties nor the Court addressed the issue.

Furthermore, after canvassing the case law, the undersigned similarly concludes that *Rivera* is inapplicable to the instant case. First, in *Rivera*, the issue of attorney's fees pursuant to an offer of judgment was not before the Court as "the terms of the [p]roposal [were] not ripe for review." *Rivera*, 2020 WL 4380955, at *1. Therefore, the *Rivera* court's discussion distinguishing *Clayton* as inapplicable to an FCCPA claim is non-binding dicta. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010) ("[D]icta is not binding on anyone for any purpose). Second, *Rivera* is contrary to the overwhelming weight of Florida case law.

### 2. Most Florida Courts Find § 768.79 Inapplicable to FCCPA Claims

Following *Clayton*, most Florida courts find that § 768.79 does not apply to FCCPA claims. In *Clayton*, Florida's Fifth District Court of Appeal held that the federal consumer protection statute (i.e., the FDCPA) preempted § 768.79. *Clayton*, 753 So. 2d at 633. In determining federal preemption of § 768.79, however, the *Clayton* court discussed the FCCPA, noting that the FCCPA

was "as least as broad in its protection to the consumer, as the federal act." *Id.* at 634.  In its

analysis, the *Clayton* court noted "the offer of judgment statute [§ 768.79] takes the back seat"

where the FCCPA is more protective of the consumer.  *Id.*  Post-*Clayton*, several Florida courts

have summarily found Florida's offer of judgment statute (§ 768.79) inapplicable to FCCPA

claims.  *See, e.g., Townsend v. Asset Acceptance Corp.*, 12 Fla. L. Weekly Supp. 189a (Fla. 6th

Cir. App. Ct. Aug. 6, 2004) (sitting in its appellate capacity) (holding that proposals of settlement

under § 768.79 are inapplicable to FCCPA claims); *Smith v. First Premier Bank*, 29 Fla. L. Weekly

Supp. 723a (5th Jud. Cir. Small Claims, Hernando Co., Fla. Nov. 29, 2021) (same); *Bartle v. Allied

Interstate, LLC*, 25 Fla. L. Weekly Supp. 517a (5th Jud. Cir. Ct., Hernando Co., Fla. Jul. 18, 2017)

(same); *Thornton v. Bank of Am., N.A.*, 24 Fla. L. Weekly Supp. 828a (6th Jud. Cir. Cty. Ct., Pasco

Co., Fla. Dec. 13, 2016) ("This Court feels it is bound by the Appellate precedent [*Clayton*] in this

jurisdiction in the cases cited by the Plaintiff that find that other Courts have uniformly concluded

that offers of judgments/proposals for settlements are not applicable to and are invalid in claims

filed under the [FCCPA.]") (citing *Clayton*, 753 So. 2d 632); *Hall v. W.S. Badcock Corp.*, 19 Fla.

L. Weekly Supp. 290b (13th Jud. Cir. Dec. 15, 2011) ("Florida courts have consistently and

explicitly held that offers of judgment/proposals for settlement pursuant to [§ 768.79] are

preempted by [the FCCPA].")*; Hyson v. Bank of Am., N.A.*, 18 Fla. Weekly Supp. 521b (6th Jud.

Cir. March 15, 2011) (following precedent holding that § 768.79 is preempted by FCCPA); *Pass

v. St. Joseph's Hosp., Inc.,* 15 Fla. L. Weekly Supp. 1013b (13th Jud. Cir. Cty. Ct., Hills. Co., Fla.

Aug. 25, 2008) (same); *Southers v. Nat'l Action Fin. Servs., Inc.*, 15 Fla. L. Weekly Supp. 932a

(13th Jud. Cir. Cty. Ct., Hills. Co., Fla. Feb. 18, 2008) (same); *Walker v. Burgess Carriage House*,

15 Fla. L. Weekly Supp. 919b (10th Jud. Cir. Cty. Ct., Polk. Co., Fla. Feb. 12, 2007) (striking offer

of judgment following *Clayton*); *Barnes v. Don Rittenhouse*, 15 Fla. L. Weekly Supp. 919c (10th

Jud. Cir. Cty. Ct., Polk Co., Fla. June 2, 2006) (same); *Cusseaux v. Motor Credit Corp.*, 15 Fla. L. Weekly. Supp. 897a (6th Jud. Cir. Cty. Ct. Pinellas Cty. Oct. 11, 2004) (same); *Peeples v. Ugly Duckling Credit Corp.*, 15 Fla. L. Weekly Supp. 900b (13th Jud. Cir. Cty. Ct., Hillsborough Cty. Ct. April 8, 2003) (same); *aff'd, Drivetime Credit Corp., f/k/a Ugly Duckling Credit Corp. v. Peeples*, No. 2D03-2063 (Fla. 2d DCA 2003); *but see Mixon,* 2025 WL 711010 (finding *Clayton* inapplicable to sole FCCPA claim); *Rivera,* 2020 WL 4380955, at *1 (distinguishing *Clayton* and progeny as broad interpretation of law and not binding).

Because the Florida Supreme Court has not addressed whether the FCCPA precludes § 768.79, the undersigned must predict how the Florida Supreme Court would rule and looks to Florida intermediate courts for guidance. *See, e.g., BRE Mariner Marco Town Ctr., LLC v. Zoom Tan, Inc.*, 682 F. App'x 744, 745-46 (11th Cir. 2017) ("Where the highest state court has not provided the definitive answer to a question of state law, we must predict how the highest court would decide this case, looking to the decisions of the lower state courts for guidance.") (citation omitted); *Nussbaum v. Mortg. Serv. Am. Co.*, 913 F. Supp. 1548, 1554 (S.D. Fla. 1995) ("In cases controlled by state law, federal courts are bound to follow the decisions of the highest court of the state . . . . If the highest state court has not addressed the issue, federal courts should ascertain and apply state law as pronounced by intermediate state appellate courts.") (citations omitted); *see also Mason v. Sebelius,* No. 11-2370 JBS/KMW, 2012 WL 1019131, at *10 (D.N.J. Mar. 23, 2012) (in attempting to predict state law, federal courts need to follow the decisions by the state supreme and intermediate appellate courts) (citation omitted).

Here, faced with a split among the lower Florida courts and no binding Florida Supreme Court precedent, the undersigned is persuaded by the majority of Florida courts that find the

FCCPA precludes § 768.79 and, in turn, disallows an award of attorney's fees pursuant to an offer of judgment.[5]

### 3.  Several Florida Courts Find a Conflict Between §768.79 and the FCCPA

In opposing Defendant's request for attorney's fees, Plaintiffs also argue that the FCCPA and §768.79 conflict and, therefore, the FCCPA applies. *See* (ECF No. 223 at 9-10). In reply, Defendant attempts to reconcile the statutes, partly relaying on *Marcy* and *Nichols*. *See* (ECF No. 226 at 6). For the reasons noted above, however, the undersigned finds *Marcy* and *Nichols* inapplicable to the instant case. *See supra* note 5.

Moreover, relevant to offers of judgment, § 768.71(3) provides that "[i]f a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply." Fla. Stat. § 768.71(3). Interpreting § 768.71(3), several Florida courts have concluded that a conflict exists between the offer of judgment statute and the FCCPA so that courts apply the FCCPA over the offer of judgment statute (§ 768.79). *See, e.g.*, *Smith*, 29 Fla. L. Weekly Supp. 723a (finding § 768.71(3) controlling and proposals for settlement under § 768.79 unavailable in

---

[5] In reaching this conclusion, the undersigned has also considered *Marcy v. DaimlerChrysler Corporation*, 921 So. 2d 781 (Fla. 5th DCA 2006) and *State Farm Mutual Automobile Insurance Company v. Nichols*, 932 So. 2d 1067 (2006). *See* (ECF No. 226 at 6-7) (Defendant's reply brief). Both cases, however, are distinguishable from the instant case. In *Marcy*, for example, a Florida lower court found that the Magnuson-Moss Warranty Act ("MMWA"), governing a breach of warranty theory, did not conflict with § 768.79. *Marcy*, 921 So. 2d at 785. In reaching its conclusion, the *Marcy* court found that the MMWA's silence on whether a defendant could recover attorney's fees was a "crucial distinction" in the case. *Id*. Here, in contrast, the FCCPA has a provision allowing defendant attorney's fees if the action is frivolous. *See* Fla. Stat. 559.77(2). In *Nichols*, upon a "certified question of great public importance," in a 3-2 split, the Florida Supreme Court found that § 768.79 applies to claims to recover personal injury protection ("PIP") benefits because the offer of judgment statute and PIP statute do not conflict. *Nichols*, 932 So. 2d at 1074-75. Nevertheless, because the offer of judgment in *Nichols* was ambiguous, the Court reversed the award of attorney's fees. *Id*. at 1080. Although concurring in the result, two of the justices in *Nichols* vehemently disagreed with the application of § 768.79 to the PIP statute. *Id*. at 1080-85. Given the divergent opinions of Florida's Supreme Court justices, the undersigned declines Defendant's invitation to apply *Nichols'* reasoning to the instant FCCPA claim.

FCCPA cases); *Bartle*, 25 Fla. L. Weekly Supp. 517a (same); *Thornton*, 24 Fla. L. Weekly Supp. 828a (same). In finding a conflict, courts have reasoned that:

> The purpose of section 768.79 is clearly to discourage litigation and to encourage settlements by exposing litigants to the possibility of liability for the opposing party's attorney's fees if they refuse what turns out to have been a reasonable settlement offer. In contrast, the FCCPA . . . provides attorney's fees and statutory damages to prevailing plaintiffs and is clearly intended to encourage litigation.

*Smith*, 29 Fla. L. Weekly Supp. 723a (citations omitted); *see also Bartle*, 25 Fla. L. Weekly Supp. 517a.; *but see Mixon,* 2025 WL 711010, at *3 (finding no inconsistency between FCCPA and §768.79). Here, in the absence of binding precedent and recognizing the existing split among Florida courts, the undersigned is persuaded that the FCCPA and § 768.79 have seemingly conflicting purposes. Consequently, pursuant to § 768.71(3), the FCCPA controls. As discussed above, however, Defendant is not entitled to attorney's fees pursuant to the FCCPA. *See supra* section II.B.

**D. The Court's Inherent Power Does not Support an Award of Attorney's Fees**

Defendant also seeks attorney's fees pursuant to the Court's inherent power to sanction a party for abusing the judicial process. *See, e.g.,* (ECF No. 220 at 10-11). The Court has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices." *BPI Sports, LLC v. ThermoLife Int'l, LLC,* No. 19-CV-60505, 2021 WL 2583493, at *5 (S.D. Fla. Feb. 25, 2021) (citation omitted), *report and recommendation adopted,* 2021 WL 2946170 (S.D. Fla. July 14, 2021), *aff'd,* No. 2023-1068, 2025 WL 1683234 (Fed. Cir. June 16, 2025); *Spolter v. Suntrust Bank*, 403 F. App'x 387, 390 (11th Cir. 2010) (noting that federal courts have inherent power to sanction parties and lawyers). "Invocation of a court's inherent power requires a finding of bad faith." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) (citation omitted); *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-CV-60629, 2016 WL 815827, at

*34-35 (S.D. Fla. Mar. 2, 2016), *aff'd*, 846 F.3d 1167 (11th Cir. 2017); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1251 (11th Cir. 2007) ("[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith.") (citation omitted).

In determining whether sanctions are appropriate under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006) (quotation omitted). "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Brown Jordan Int'l*, 2016 WL 815827, at *35. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (same). Thus, courts in this District have held that "fundamentally penal" sanctions, such as dismissals or an award of attorneys' fees, require proof by clear and convincing evidence. *See, e.g., In re Brican Am. LLC Equip. Lease Litig.*, 977 F. Supp. 2d 1287, 1293 n.6 (S.D. Fla. 2013); *JTR Enters., LLC v. an Unknown Quantity*, 93 F. Supp. 3d 1331, 1367 (S.D. Fla. 2015), *aff'd sub nom. JTR Enters., LLC v. Columbian Emeralds*, 697 F. App'x 976 (11th Cir. 2017).

Here, Defendant's conclusory argument that Plaintiffs pursued their FCCPA claim in bad faith is unpersuasive. Although Defendant prevailed when the District Court granted its motion for judgment as a matter of law, the record before the Court does not contain clear and convincing evidence that Plaintiffs' conduct rises to the level of bad faith. *See, e.g., Alexsam, Inc. v. WildCard Sys., Inc.*, No. 15-CV-61736, 2019 WL 2245420, at *13 (S.D. Fla. Feb. 13, 2019)

(recommending denial of attorney's fees where there was no evidence of abusive practices or bad faith in plaintiff's conduct), *report and recommendation adopted*, 2019 WL 1010241 (S.D. Fla. Mar. 4, 2019); *see also Valenzuela*, 2021 WL 2403938, at *4 (concluding that although court granted summary judgment to defendant, there was no evidence that claim was frivolous) (citation omitted); *Lawrence v. MS & RE Kesef Corp.*, No. 11-CV-22122, 2013 WL 12246355, at *5 (S.D. Fla. Feb. 5, 2013) ("The fact that Plaintiff was ultimately mistaken does not mean that the lawsuit was brought or litigated in bad faith."), *report and recommendation adopted*, 2013 WL 12246363 (S.D. Fla. Feb. 26, 2013). Accordingly, an award of attorney's fees is no appropriate under the Court's inherent power.

In sum, the undersigned concludes that Defendant is not entitled to fees under any statute or the asserted alternate grounds. Therefore, the Court need not determine the reasonableness of the claimed fees Defendant incurred at trial and on appeal.

### E.  Defendant is Entitled to Costs and Post-Judgment Interest

Lastly, Defendant also seeks to recover $4,569.70 in costs incurred for: (i) printed or electronically recorded transcripts necessarily obtained for use in court ($2,797); and (ii) exemplification and costs of making copies of materials necessarily obtained for use in court ($1,772.70). *See generally* (ECF Nos. 221, 221-1). Plaintiffs do not challenge Defendant's Bill of Costs. *See* (ECF No. 234) (Plaintiffs' response to this Court's Order to Show Cause indicating that it does not contest the amount of costs). Accordingly, the undersigned recommends that Defendant's costs be granted without reduction.

Relatedly, as the prevailing party, Defendant is entitled to statutory post-judgment interest pursuant to 28 U.S.C. § 1961, which provides for interest on any money judgment recovered in district court in a civil case. *See, e.g.*, *Matamoros v. Broward Sheriff's Off.*, No. 18-CV-62813,

2022 WL 484828, at *5 (S.D. Fla. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 479883 (S.D. Fla. Feb. 16, 2022).  Plaintiffs do not address Defendant's request for interest.

The Supreme Court and the Eleventh Circuit have explained, "[w]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (citing *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988)); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).  Section 1961(a) provides that the post-judgment interest rate is determined by looking to the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961(a); *see also BankAtlantic*, 12 F.3d at 1052; *U.S. S.E.C. v. Carrillo*, 325 F.3d 1268, 1271 (11th Cir. 2003).

Here, the District Court entered Final Judgment on March 9, 2022.  (ECF No. 168).  The applicable interest rate for the week before the judgment (ending March 4, 2022) is 1.05%.  *See* 28 U.S.C.A § 1961; U.S. DEP'T OF THE TREASURY, DAILY TREASURY PAR YIELD CURVE RATES, https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2022 (last visited November 7, 2025).  This rate of interest should be applied to any award of costs, effective as of March 9, 2022, the date of the Final Judgment in Defendant's favor.

### III.     RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1.      Defendant's Renewed Verified Motion for Attorneys' Fees Incurred at Trial (ECF No. 220) be **DENIED**;

2.      Defendant's Renewed Application for Attorneys' Fees Incurred in Connection with First Appeal (ECF No. 222) be **DENIED**;

3.      Defendant's Application for Attorneys' Fees Incurred in Second Appeal (ECF Nos. 229, 230) be **DENIED**;

4.      Defendant's Renewed Motion for Bill of Costs Incurred at Trial Court Level (ECF No. 221) be **GRANTED** as unopposed.  The Court should award $4,569.70 in costs against Plaintiffs, plus post-judgment interest.

Within **14 days** after being served with a copy of this R&R, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this R&R.  11th Cir. R. 3-1 (2025); *see Thomas v. Arn*, 474 U.S. 140 (1985).

If counsel do not intend to file objections, they shall file a Notice of Non-Objection within **seven days** of this R&R.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on November 7, 2025.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All counsel of record